JOHN ANDERSON, JR., EMPLOYEE v. LINCOLN CONSTRUCTION COMPANY, EMPLOYER, AND UNITED STATES CASUALTY COMPANY, CARRIER.

(Filed 13 October, 1965.)

**1. Master and Servant § 93—**

On appeal from the Industrial Commission, the courts may review the evidence to determine, not what the evidence proves or fails to prove, but only whether there is any competent evidence to sustain the findings, the credibility of the witnesses and the weight to be given their testimony being the exclusive province of the Commission. G.S. 97-86.

**2. Master and Servant § 64—**

Claimant testified that he had not been sick for some five years prior to the accident and that since the accident he had been totally disabled, and a physician who examined claimant after the accident testified that claimant had a contusion and bruises of the left hip and to a less extent of his right hip and right lateral chest wall. *Held:* The evidence was sufficient to sustain a finding of the Industrial Commission that the accident caused temporary disability, notwithstanding other evidence that claimant was suffering from osteomylitis of some ten years' duration.

APPEAL by plaintiff from *Cowper, J.,* June, 1965 Civil Session, CARTERET Superior Court.

This proceeding originated as a compensation claim before the Industrial Commission. The Hearing Commissioner and the Full Commission, on review, found the plaintiff, claimant, had sustained injury by accident arising out of and in the course of his employment as a crane operator for Lincoln Construction Company. In short summary,

the plaintiff testified: He had worked as a crane operator for his present and former employers for many years. "For the past 5 or 10 years before the accident I haven't been to a doctor, haven't been sick a day, haven't been out of work a day, and I have worked on the average of about 40 or 45 hours a week for the last five years. I haven't been able to do anything since the accident. I can't even dress myself."

On October 3, 1963, he drove his employer's Model 1952 International truck to Cedar Island to pick up certain equipment for his employer. "Somewhere on the Atlantic highway I crossed a bridge and the pickup felt to me like it probably hit a little dip and it started shimmying and I lost control of it and the next thing I knew I saw the water over the headlights. . . . I had gone into the canal. . . . They tell me 337,000 miles on the truck."

The plaintiff was taken to the hospital where he remained under the care of Dr. Gainey until October 11th. He was readmitted to the hospital and again examined by Dr. Gainey on December 6. Dr. Gainey testified the claimant gave a history of having been in an accident on October 3, and complained of pain in both hips and in his chest. "Examinations showed that he had hip joint disease. At that time I did not know of what duration, but he had a contusion and bruises of his left hip and to a less extent of his right hip and of his right lateral chest wall." He was released from the hospital on October 11.

"On December 6, 1963, he was readmitted to Morehead City Hospital and was there until December 7. He was not able to carry on any kind of employment. I do not know whether he is now or not because I haven't seen Mr. Anderson since February 28, 1964. In my opinion at that time his condition had improved, but in my opinion he was not able to perform any type of employment."

The Hearing Commissioner found:

"13. That the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on October 3, 1963, and by reason of said accident was temporarily totally disabled from said date through February 28, 1964; on February 28, 1964, the plaintiff was still temporarily totally disabled and had not reached his point of maximum improvement."

The Hearing Commissioner concluded:

"3. That by reason of the plaintiff's injury by accident the plaintiff was temporarily totally disabled for the period October 3, 1963, through at least February 28, 1964, and is entitled to com-

pensation for said period and until the point the plaintiff reaches his maximum improvement or sustains a change in condition. G.S. 97-29; G.S. 97-47."

The defendants appealed to the Full Commission for review. The Full Commission adopted as its own the findings and conclusions of the Hearing Commissioner, overruled the exceptions, and affirmed the award. The defendants appealed to the Superior Court of Carteret County. Judge Cowper, after hearing, ordered that the award "be set aside for that there is no evidence to support the finding of fact or conclusion of law that the accident resulted in the plaintiff's disability." The plaintiff excepted and appealed.

*Hamilton, Hamilton & Phillips by Luther Hamilton for plaintiff appellant.*
*Marshall & Williams by Lonnie B. Williams for defendant appellees.*

HIGGINS, J. The Commission found the claimant had suffered a total temporary disability by accident arising out of and in the course of his employment and awarded compensation upon the basis of the finding. The employer and its compensation carrier challenged the finding and the award upon the sole ground the evidence is insufficient to show causal relationship between the claimant's accident and his injury. The Superior Court sustained the challenge and reversed the award. The appeal requires this Court to review the evidence and to determine, not what the evidence proves or fails to prove, but to find whether the Commission had before it any competent evidence sufficient to support its findings.

The claimant admitted a history of osteomylitis and an operation therefor about 10 years prior to his accident. Admitting the history, nevertheless, he testified he had worked as a crane operator for at least five years prior to October 3, 1963. "I haven't been to a doctor, haven't been sick a day, haven't been out of work a day and I have worked an average of 40 to 45 hours a week for the last five years. I haven't been able to do anything since the accident." Dr. Gainey, while guarded about what caused the disability, found the claimant entered the hospital the day following the accident, stated he had been in an accident. The doctor found contusions and bruises of the left hip and to less extent of his right hip and of his right lateral chest wall, "and was not able to perform any type of employment." May we say the Commission did not have before it any competent evidence showing causal connection between the accident and the injury?

The Workmen's Compensation Act, G.S. 97-86, vests the Industrial Commission with full authority to find essential facts. The Commis-

sion is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The courts may set aside findings of fact only upon the ground they lack evidentiary support. *Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758; *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612. The court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding. *Brice v. Salvage Co.,* 249 N.C. 74, 105 S.E. 2d 439. Of course, where there is no evidence of causal relationship between the accident and injury the claim must be denied. Or, if the disability is due to pre-existing physical injuries, it must be denied. But where the evidence is conflicting, the Commission's finding of causal connection between the accident and the disability is conclusive. *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109.

In this case the evidence was sufficient to support the finding. Hence the Superior Court committed error in vacating the award of temporary disability. The Superior Court will remand the cause to the Industrial Commission for further disposition as the law requires.

Reversed.