GEORGIA LEWIS, EMPLOYEE, PLAINTIFF-APPELLEE v. DIAMOND MILLS COM-
PANY, EMPLOYER, AND THE EMPLOYERS LIABILITY ASSURANCE
CORPORATION, CARRIER, DEFENDANTS-APPELLANTS

No. 6818IC285

(Filed 18 September 1968)

1. **Master and Servant § 96—    findings supported by evidence are bind-
ing on appeal**

Findings of fact by the Industrial Commission are binding upon the Court of Appeals when supported by any competent evidence.

2. **Master and Servant §§ 69, 96—    evidence held sufficient to support
findings and award**

The evidence *is held* sufficient to support findings and conclusions by the Commission that plaintiff's 20% permanent partial disability of her back resulted solely from an injury while working for defendant employer, although the employer presented evidence of a pre-existing 10% disability of plaintiff's back.

3. **Master and Servant § 99—    attorney's fees — additional hearing af-
ter original award**

Where additional evidentiary hearings held at defendant's request after the original award had been made resulted in no alteration of the award, no abuse of discretion is shown in the Commission's order that an additional fee for plaintiff's attorney be taxed as part of defendant's costs.

APPEAL by defendant employer and defendant carrier from an opinion and award of the North Carolina Industrial Commission filed 11 April 1968.

Evidence in this case was first offered before Commissioner Shuford at a hearing in High Point, North Carolina, on 12 April 1967. At that hearing plaintiff employee offered evidence which tended to show that she sustained injury to her back by tripping and falling while in the performance of her duties on 8 September 1966. The parties stipulated that plaintiff "had 20% permanent partial disability of the back and that the date on which she reached maximum improvement was January 23, 1967." Defendants contended that plaintiff was suffering from back trouble prior to her fall on 8 September 1966, and offered evidence that tended to show that, before 8 September 1966, she had complained of trouble with her back.

By opinion and award filed 26 April 1967, Commissioner Shuford found as facts that plaintiff sustained injury to her back by accident arising out of and in the course of her employment with defendant employer on 8 September 1966, and that as a result of the injury by accident plaintiff has a 20% permanent partial disability or loss of use of her back. Compensation was awarded in accordance with those findings.

Defendants filed an application for review by the Full Commission, but, before a review was conducted, defendants filed motion for an additional evidentiary hearing to present newly discovered evidence. Based upon defendants' motion the case was remanded to the hearing docket and reset first in Cumberland County and second in High Point for the sole purpose of receiving expert medical opinions. Commissioner Shuford conducted a hearing in Cumberland County on 16 January 1968, at which time defendant offered evidence that tended to show plaintiff was injured in an automobile accident on 19 March 1960 and was treated by an orthopædic surgeon for "lumbrosacral sprain with a fifth lumbar root compression syndrome." The doctor stated he did not find a herniated disc. The defendants' evidence further tended to show that plaintiff was treated for her 1960 back injury until March 1961, at which time she was rated as having a 10% permanent partial disability of her back.

On 14 February 1968 Commissioner Shuford conducted a further hearing in High Point at which time the plaintiff offered the statement of a neurosurgeon which tended to show that while plaintiff was working for defendant employer she suffered a herniated disc at L-5, S-1 left; that corrective surgery was performed; and that plain-

tiff has a 20% permanent partial disability attributed to the herniated disc.

At the completion of the two additional evidentiary hearings the Full Commission reinstated and affirmed the opinion and award of Commissioner Shuford which was filed 26 April 1967, and taxed $250.00 attorney fee in the costs against the defendants. From this opinion and award the defendants appealed.

*Bencini and Wyatt, by Frank B. Wyatt, and Silas B. Casey for plaintiff appellee.*

*Smith, Moore, Smith, Schell and Hunter, by Herbert O. Davis for defendant appellants.*

BROCK, J.

[1]   Defendants argue that plaintiff testified falsely at the first hearing when she denied ever having trouble with her back before the injury from falling on 8 September 1966, and therefore her entire evidence is tainted and not worthy of belief. All of the evidence was heard by the Industrial Commission and its findings of fact are binding upon this Court, if supported by any competent evidence. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272.

[2]   Defendants contend that the Industrial Commission committed error in finding the plaintiff has a 20% permanent partial disability of her back as a result of the fall on 8 September 1966. Defendants argue that their evidence offered at the Cumberland County hearing established that plaintiff had a 10% permanent partial disability in March 1961, and that a 20% rating now means only that the additional 10% is attributable to the 1966 fall. We might concede that defendants offered evidence which tended to show that in 1960 plaintiff had a 10% permenant partial disability of her back, but this evidence of itself does not establish the fact; there must be a finding of fact to that effect before the fact is established. The evidence was conflicting, and the Industrial Commission has resolved the controversy by its findings of fact. We hold there was competent evidence before the Commission to support its findings of fact, and its findings of fact support its conclusions of law, which in turn support the award.

[3]   Defendants argue that the Commission abused its discretion in awarding an additional attorney fee to counsel for plaintiff and ordering it to be taxed as part of the costs to be paid by the defendants. This was done because the defendants requested the additional evidentiary hearings in this case which resulted in no alteration of

the original award. The defendants have shown no abuse of discretion.

Each of the defendants' assignments of error is overruled, and the opinion and award of the Industrial Commission is

Affirmed.

BRITT and PARKER, JJ., concur.