Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The parties submitted a document entitled Prehearing Stipulations and that document, which contains stipulations establishing the requisite jurisdictional facts, is incorporated by reference as though it were fully set forth herein. The parties also stipulated plaintiff's Form 18 and a set of plaintiff's medical records into evidence. Finally, the parties stipulated that plaintiff was out of work from December 6, 1993 through January 9, 1994 and that plaintiff returned to work four hours per day at the rate of $5.85 per hour on January 10, 1994 for a two week period.
* * * * * * * *
Based upon all the competent evidence in the record, the Full Commission adopts the findings of fact found by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. On June 9, 1993, plaintiff began working for defendant-employer as a mold sprayer. This job required plaintiff to spray wax onto plastic molds which were used in making office furniture. To accomplish the job, plaintiff had to spray wax onto molds using a nozzle, which connected to a reservoir containing wax by a rubber hose.
2. Plaintiff claims that she hurt her back while trying to pry open one of the molds on November 29, 1993. By motion made after the presentation of defendants' evidence, plaintiff amended her testimony to allege that she was hurt on November 30, 1993.
3. Plaintiff told her supervisor, Lucille Gainey, that she hurt her back because she had slipped and fallen.
4. Plaintiff told Marsha Milan, one of her co-workers, that she had hurt her back when a mold hit her in the back.
5. Plaintiff told Sallie Schenkel, another co-workers, that she hurt her back after she tripped over the tracks that carried the molds.
6. Plaintiff sought medical treatment for her back on December 13, 1993 when she consulted Bob Stroud, Jr., a chiropractor in Asheboro. Dr. Stroud has diagnosed plaintiff as suffering from "lumbar disc" sciatic neuritis and lumbago. Dr. Stroud has treated plaintiff on at least 36 occasions and plaintiff continues to see Dr. Stroud on a periodic basis.
7. Plaintiff claims that Coaling Little and Butch Brown told her they were too busy to help her by opening the mold on November 29 or 30, 1993, but Mr. Brown and Mr. Little each dispute that they ever refused to help plaintiff open a mold. Opening these molds was the principal job duty for both Mr. Brown and Mr. Little. It was not plaintiff's duty to open molds.
8. After November 30, 1993, plaintiff continued to work through December 5, 1993. In fact, during the week of her alleged injury, plaintiff worked overtime on three days, all of which were on or after November 30, 1993.
9. Plaintiff claims that she was not able to get medical attention until she saw Dr. Stroud on December 13, 1993. However, plaintiff did not inform defendant-employer so that an earlier appointment could have been made. Plaintiff knew of the company's procedures for on the job injuries. Therefore, plaintiff's testimony that she suffered an on the job injury is not accepted as credible. The court simply did not believe plaintiff's testimony.
10. Prior to November 29, 1993, plaintiff told Mr. Brown that she had hurt her back in the past, indicating that her back was bothering her and that she had some type of disc injury previously.
11. Plaintiff resumed full-time work on January 20, 1994 at wages equal to or exceeding $251.94 per week.
* * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In workers' compensation cases, the employee bears the burden of proving each and every element of compensability.Harvey v. Raleigh Police Department, 96 N.C. App. 28, 384 S.E.2d 549,disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454(1989). In addition, the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.Anderson v. Lincoln Constr. Co., 265 N.C. 431,144 S.E.2d 272(1965).
2. Since plaintiff has failed to offer credible evidence that the incident she described actually occurred or that the incident could have caused her alleged symptoms, plaintiff has failed in her burden of establishing compensability.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each party shall bear its own costs.
 S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER
BSB:md