This matter had been appealed by defendant to the Court of Appeals from the Full Commission's 3 June 1997 Opinion and Award reversing the prior decision of Deputy Commissioner John A. Hedrick, which denied plaintiff's claims.
The primary issue on appeal, as identified by the Court of Appeals, was whether the Industrial Commission erred by failing to apply the presumption in Sanders v. Broyhill FurnitureIndustries, 124 N.C. App. 637, 639, 478 S.E.2d 223, 225
(1996), disc review denied, 346 N.C. 180, 486 S.E.2d 208
(1997), that the Full Commission should demonstrate in its opinion and award that it has considered the general rule that the Deputy Commissioner, as a firsthand observer, is the best judge of credibility issues.
The North Carolina Supreme Court has stated that, "the Commission is the fact finding body," Brewer v. PowersTrucking Co., 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962) and that, "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony."Anderson v. Lincoln Constr. Co., 265 N.C. 431, 433-34,144 S.E.2d 272, 274 (1965). The Supreme Court held, in Adamsv. AVX Corp., 349 N.C. 676, ___ S.E.2d ___, (1998) that, "the Full Commission is not required to demonstrate, asSanders states, `that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.'" The Court went on to say in Adams that, "To the extent that Sanders is inconsistent with this opinion, it is overruled."
In light of the ruling in Adams, the Full Commission will let the decision in this case stand as originally written and filed on 3 June 1997.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant.
3. Defendant was self-insured and Crawford and Company was the servicing agent for plaintiff's claim.
4. A set of plaintiff's medical records, consisting of records from Dr. Lang, Dr. Clayton, Dr. Hardy, Dr. Hansen and Dr. Rider, marked as Stipulated Exhibit Number Two, is admitted into evidence.
5. A set of records, consisting of plaintiff's employment file, and medical records from Dr. Hardy, Pitt County Memorial Hospital, Roanoke-Chowan Physical Therapy, Southeastern Neurology Group, Dr. Clayton, Dr. Ryder and Roanoke-Chowan Human Services, collectively marked as Stipulated Exhibit Number Three, is admitted into evidence.
6. A one page document entitled Authorization for Disability Pay, marked as Stipulated Exhibit Number Four, is admitted into evidence.
7. Plaintiff did not work for defendant from 16 January 1993 through 12 October 1993 or from 11 October 1993 through 13 December 1993.
8. A form 22 Wage Chart and a Patient Information Sheet, received from defendant's counsel on 10 January 1996, are admitted into evidence.
***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 39 year old female who has completed the tenth grade. She had taken courses to obtain a GED. Prior to her employment with defendant, plaintiff worked as a sewer at USI and the Blue Ridge Shoe Factory, a machine operator at Carolina Aluminum, and a waitress at O'Connell's Restaurant.
2. Plaintiff began working at defendant's Lewiston, North Carolina plant in 1983. Plaintiff was hired to grade drumsticks, a job she held throughout her employment with defendant. As a grader, plaintiff's responsibilities were to stand at a waist high line and pack Grade A meat in trays, place lesser grade meat in tubs off the line, and occasionally, hang whole legs on a higher belt. At times, plaintiff pushed the tubs of lesser grade chicken legs underneath the line where she worked to another conveyor belt.
3. Plaintiff testified that in December 1992 she felt something pull in her back while pushing a tub of chicken and that she informed her supervisor of the incident at the time that it occurred.
4. Plaintiff first presented to Dr. Melvin Clayton on 6 January 1993. On that date, plaintiff was complaining of pain in her buttocks that radiated into her leg. Dr. Clayton excused plaintiff from work. On 27 January 1993, plaintiff completed an application for sick leave benefits. Plaintiff submitted her leave application to defendant's company nurse.
5. Upon referral by Dr. Clayton, plaintiff presented to Dr. Hardy on February 1, 1993. On that date, plaintiff was experiencing pain in her left thigh and left lower back, with an occasional tingling sensation in her toes. Dr. Hardy diagnosed plaintiff as having a protruding disc at L5 and S1. Dr. Hardy, on February 17, 1993 performed a myelogram to confirm his diagnosis of a protruding disc. Dr. Hardy's earlier diagnosis of a protruding disc was confirmed by the results of the myelogram.
6. Dr. Hardy performed surgery to correct a herniated disc on March 12, 1993 and on July 12, 1993, he released plaintiff to return to full duty. Dr. Hardy testified that plaintiff's specific traumatic incident was more likely than not to cause her herniated disc. Plaintiff returned to work as a grader and was placed at the front of the production line by her supervisor. Plaintiff continued to work from July through October 1993.
7. After a series of visits to various doctors and their response via deposition, it was concluded that any injuries and pain that plaintiff was experiencing after July 12, 1993 was not a result of her December 1992 specific traumatic incident.
8. Plaintiff's claims were not prosecuted without reasonable grounds.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did sustain a specific traumatic incident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not contract a disease due to causes or conditions that were characteristic of and peculiar to her employment with defendant and therefore, did not have an occupational disease. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff is entitled to temporary total disability compensation at a rate of $147.03 per week from January 6, 1993 to July 12, 1993 as a result of her specific traumatic incident. N.C. Gen. Stat. § 97-29.
4. Defendant shall pay all plaintiff's medical bills as it related to her specific traumatic incident. N.C. Gen. Stat. §97-25.
5. Defendant is not entitled to an award of attorney's fees. N.C. Gen. Stat. § 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for specific traumatic incident is ALLOWED.
2. Plaintiff's claim for an occupational disease is DENIED.
3. Defendant shall pay plaintiff temporary total disability compensation at a rate of $147.03 per week from January 6, 1993 to July 12, 1993.
4. Defendant shall pay all plaintiff's medical bills as it related to her specific traumatic incident.
5. An attorney fee of 25% of the award is allowed for plaintiff's attorney and shall be paid directly to him.
6. Defendant shall pay costs.
7. Defendant shall also pay Drs. Clayton, Hardy and Ryder expert witness fees of $175.00, $265.00 and $250.00, respectively.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
S/_____________ DIANNE C. SELLERS COMMISSIONER