DEBORAH WILKIE-FISHER, Plaintiff
v.
P.H. GLATFELTER CO., Defendant.
No. COA08-79
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Neill S. Fuleihan for plaintiff-appellee.
Prather Law Firm, by J.D. Prather, for defendant-appellant.
BRYANT, Judge.
P.H. Glatfelter Co. (defendant) appeals from an Opinion and Award entered 27 August 2007 by the North Carolina Industrial Commission (the Commission) awarding Deborah Wilkie-Fisher (plaintiff) past and continuing disability and medical compensation.

Facts
Plaintiff suffered an admittedly compensable injury to her right knee on 18 June 1999 while employed at defendant's Ecusta Division in Pisgah Forest, North Carolina. A total knee arthroplasty was performed on 14 March 2000, and, after surgery, plaintiff was transferred to Dr. Amal Das at Hendersonville Orthopaedic Associates for further treatment and rehabilitation. Dr. Das ordered plaintiff a brace, established a work-hardening conditioning program, and prescribed a functional capacity evaluation. In September 2001, he restricted plaintiff from working in any position requiring her to lift over 50 pounds, walk over half a mile per day, stoop, bend, or perform tasks that require balance. On 2 October 2001, plaintiff attempted to return to work in the core room of defendant's Ecusta Division, but stayed only a few hours before leaving. On 20 March 2002, Dr. Das assigned a 60% permanent partial impairment to plaintiff's right lower extremity, and plaintiff has remained unemployed since her injury. Outside her attempt to return to work in the core room, plaintiff has not sought or obtained other employment.
In August 2001, defendant entered into a written acquisition agreement for its Ecusta Division to, inter alia, RFS Ecusta, Inc. (RFS). At the time of the sale, defendant self-insured its workers' compensation claims, and, as part of the contract, attempted to transfer all self-insured liabilities incurred between 17 January 1992 and 24 August 2001 to RFS. In October 2002, shortly after assuming control of operations, RFS and one of its collateral corporations filed for bankruptcy.
Plaintiff's compensation was paid without interruption through 30 September 2002. However, after declaring bankruptcy, RFS ceased payments, and defendant denied liability for the more than 300 claims that accrued under its ownership of the Ecusta Division, including plaintiff's. In rejecting defendant's various defenses, this Court held that the acquisition agreement was void ab initio, and that defendant retained liability over all claims during the time in which it was self-insured. Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 615 S.E.2d 350 (2005), disc. review denied, 360 N.C. 63, 623 S.E.2d 582 (2005).
Plaintiff petitioned the Commission for a hearing on defendant's nonpayment of benefits in June 2003, and a hearing was held on 20 August 2004. After plaintiff testified, the record was left open and the hearing was continued pending a final disposition in Goodson of defendant's objections to liability and jurisdiction.
Sometime after this Court's decision but before the North Carolina Supreme Court's denial of discretionary review, plaintiff filed a motion to compel payment. On 18 November 2005, after review was denied, defendant was ordered by the Commission to pay past and continuing disability benefits. Defendant complied with the Order on 23 December 2005 paying plaintiff $87,377.87 for benefits accrued through 16 November 2005 in addition to ongoing payments of $538.43 per week.
The Deputy Commissioner filed an Opinion and Award on 30 November 2006 granting plaintiff past and continuing temporary total disability compensation in the amount of $538.42 per week beginning from 20 June 1999, past and future medical compensation related to her compensable right knee injury, a 10% penalty for unpaid installments accruing between 30 September 2002 and 23 December 2005, and authorization to be treated by Dr. Kirkley and Dr. Maxwell. The Full Commission affirmed the award with minor modifications 27 August 2007 from which defendant appeals.
The issues presented on appeal by defendant are whether the Commission erred in: (I) finding and concluding that plaintiff remains disabled as a result of her compensable knee injury; (II) finding and concluding that plaintiff's knee injury is the cause of her current disability; and (III) finding and concluding that defendant is estopped from raising certain defenses to plaintiff's claims.

Standard of Review
Our review is limited to determining whether the Commission's findings of fact are supported by competent evidence and whether those findings support its conclusions of law. Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Even if contrary evidence exists, findings of fact by the Commission are conclusive on appeal, and will only be set aside if they are completely unsupported by competent evidence. See Young v. Hickory Bus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000); Jones v. Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). Evidence supporting plaintiff's claims is "viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Deese, 352 N.C. at 115, 530 S.E.2d at 553 (citation omitted).
The Commission alone decides the weight of testimony, and this Court will not reevaluate the weight of evidence on appeal. Anderson v. Construction Co., 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965). When conflicting evidence exists between an injury andthe cause of a disability, the Commission's finding is conclusive. Id. at 434, 144 S.E.2d at 275; see Tucker v. Lowdermilk, 233 N.C. 185, 63 S.E.2d 109 (1951). Conclusions of law by the Commission are reviewed de novo. Grantham v. R.G. Barry Corp., 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), disc. review denied, 347 N.C. 671, 500 S.E.2d 86 (1998).

I & II
Defendant contends the Commission erred in determining both that plaintiff remains disabled and that her disability is caused by her compensable injury. We disagree.
In order for an employee to receive compensation for disability, the Commission must find:
(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.
Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). To demonstrate disability, plaintiff must show "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2007). This Court has held that plaintiff's burden of proof may be met by producing "medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment[.]" Russell v. Lowes Product Distribution, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citation omitted). In this case, the Commission made findings of fact stating:
6. Plaintiff has recently treated with her family physician, Dr. Margaret Anne Kirkley, for her right knee injury and non-occupational problems of low back pain with siatica [sic], shoulder pain, and rheumatoid arthritis. Dr. Kirkley has opined to a reasonable degree of medical probability that plaintiff is totally disabled and unable to work as a result of her right knee, back and shoulder problems. The record is devoid of evidence which apportions plaintiff's disability among these problems.
7. Plaintiff has retained, as of March 2, 2002, a 60% permanent partial impairment to her right lower extremity for which she retains permanent functional limitations of no lifting of greater than 50 lbs., no stooping or bending, and no working at heights.
8. As a result of her injury by accident and resulting surgery, plaintiff has chronic right knee pain which is disabling, and for which she moves for additional treatment by Dr. Kirkley and Dr. Kirkley's referral, Dr. Keith Maxwell of Southeastern Spine and Sports Medicine.
. . .
10. Plaintiff's right knee pain and problems are related to her June 18, 1999 admittedly compensable injury by accident to her right knee and there is no evidence to the contrary.
In support of its findings, the Commission considered Dr. Kirkley's deposition describing plaintiff's inability to work in the "foreseeable future" due to her knee, back, and shoulder problems; Dr. Das's deposition outlining plaintiff's permanent work restrictions and 60% impairment rating; and, testimony from both plaintiff and Dr. Kirkley stating that pain and loss of function in the right knee increases plaintiff's back pain and impedes her ability to stand and walk for more than ten minutes at a time. The Commission also examined extensive medical records from other physicians and medical facilities.
Defendant asks this Court to overturn the Commission's findings as to disability and causation by pointing to contrary evidence in the record including the following: diagnoses of osteoarthritis, lumbar spondylosis, and fibromyalgia beginning in 2000; medical history in 2000 and 2003 showing plaintiff's primary pain was located in other areas including the shoulder, neck, back, elbows, and fingers; and, a 2002 letter and medical notes describing a herniated disc in plaintiff's spine. However, this evidence is insufficient to justify reversal. The Commission alone decides the weight of evidence, which we will not reevaluate on appeal. Anderson, 265 N.C. at 433-34, 144 S.E.2d at 274. Despite contrary evidence cited by defendant, the Commission found, based on competent medical evidence, that plaintiff continues to be disabled as a result of her compensable knee injury. Further, the Commission's conclusions of law and compensation award were based on these appropriate findings. Accordingly, defendant's assignments of error are overruled.[1]

III.
The Commission concluded as a matter of law that defendant is estopped from asserting defenses that should have been raised while it contested liability in Goodson. Defendant argues this conclusion affected its right to adduce evidence as to causation and disability. We disagree.
The record indicates the Commission applied the doctrine of collateral estoppel or issue preclusion. In its Opinion and Award, the Commission found:
13. Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 615 S.E.2d 350 (2005), discretionary review denied, 360 N.C. 63, 623 S.E.2d 582 (2005), which is controlling precedent herein, established defendant's liability for coverage of plaintiff's claim. Although defendant had knowledge of plaintiff's claim at the time its purported successor in interest ceased payment of indemnity and medical compensation, defendant neglected to raise defenses to plaintiff's claim until after the North Carolina Supreme Court denied defendant's petition for discretionary review of the North Carolina Court of Appeals decision affirming the North Carolina Industrial Commission's Opinion and Award in Goodson, finding and concluding that defendant's attempted transfer of its self-insured workers' compensation liabilities to its purported successor in interest was ineffective as a matter of law, and thus void [sic] ab initio.

Our analysis focuses on defendant's liability and the effect of Goodson on the instant claim. The doctrine of collateral estoppel bars issues from being relitigated between the same parties in a subsequent, different action. Thomas M. McInnis & Associates, Inc. v. Hall, 318 N.C. 421, 427-28, 349 S.E.2d 552, 556 (1986). And, the Commission's conclusion based on the above finding bars defendant from averring the same defenses to liability it previously raised against plaintiff's claim. Furthermore, this finding shows that estoppel was not utilized to prevent defendant from presenting evidence as to causation and disability. The record shows instead that defendant was given ample opportunity to introduce evidence as to these issues both before and after the final disposition of Goodson in 2005.
In fact, the record shows that at the 6 April 2006 hearing, defendant stipulated to an exhibit which contained evidence of plaintiff's injuries other than her knee, and it was entered into the record. Defendant was present during the deposition of Dr. Das on 2 June 2006, and cross-examined him in support of its defense. Defendant also conducted an extensive cross-examination of Dr. Kirkley during her deposition on 20 June 2006, focusing directly on plaintiff's other medical conditions . Further, defendant cross-examined plaintiff during the initial hearing and the subsequent hearing in front of the Deputy Commissioner and focused specifically on issues of disability and causation.
The record contains not one instance where defendant offered evidence or asked questions of a witness only to be estopped by the court due to the outcome in Goodson. To the contrary, defendant was granted the right to re-depose medical witnesses and present other evidence or testimony, but nothing in the record shows that such rights were exercised by defendant.
To the extent Goodson was used to preclude defendant from asserting defenses to liability in the instant claim, the record shows the Commission properly barred defendant from relitigating jurisdictional, procedural, and statutory issues previously decided by this Court. In addition, the record is devoid of a single circumstance in which defendant was denied the right to introduce evidence as to causation and disability. This assignment of error is overruled.
Affirmed.
Judges MCCULLOUGH and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] Defendant's speculation that the Commission may have misplaced the burden of proof in this case because no method of proof as to disability was specified in the Opinion and Award is not supported by the record. Consequently, this argument is not addressed herein.