RUTH D. RHODES, Mother and Personal Representative of the Estate, and CARSON
L. KELLY, Father, of RICHARD DELL KELLY, Deceased Employee, Plaintiffs v.
PRICE BROTHERS, INC., Employer, and TRANSCONTINENTAL INSURANCE
COMPANY, Carrier, Defendants

No. COA05-256

(Filed 20 December 2005)

**Workers' Compensation— deceased child—no willful abandonment by parent**

 A parent (the father) did not willfully abandon his child after his divorce, and was eligible to receive workers' compensation death benefits, where there were regular visits, gifts, cards, telephone contacts, and physical and verbal affection, and the father made all of his child support payments in a timely manner, even when there was a period of disagreement in which the child did not visit the father. N.C.G.S. § 97-40.

Appeal by Plaintiff-Mother from opinion and award entered 11 October 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 1 November 2005.

*Archibald Law Office, by C. Murphy Archibald, for plaintiff-mother-appellant.*

*Shawna Davis Collins, for plaintiff-father-appellee.*

*Jones, Hewson & Wollard, by R.G. Spratt, III, for defendant-appellees.*

WYNN, Judge.

Under section 97-40 of the North Carolina General Statutes, a parent who willfully abandons the care and maintenance of his or her child is not eligible to receive workers' compensation death benefits. In this case, the mother of a deceased son covered under the Workers' Compensation Act, contends that the full Commission erroneously found that the father did not willfully abandon his son. Because there was competent evidence to support the full Commission's findings of fact that the father regularly visited and communicated with his son, sent him cards and gifts, and made all his child support payments in a timely manner, we affirm the full Commission's conclusion that the father did not abandon his son.

On 1 September 2000, Richard Dell Kelly died as a result of the injuries he sustained from an accident in a vehicle owned by his employer Defendant Price Brothers, Inc. Richard died intestate leaving his mother (Ruth D. Rhodes) and father (Carson L. Kelly) as his sole surviving lineal heirs.

Defendants acknowledged that Richard's death was compensable under the Workers' Compensation Act but have not paid the death benefits due to a dispute between the parents as to who is entitled to receive the benefits. At a hearing before Deputy Commissioner Adrian Phillips, Ms. Rhodes asserted that Mr. Kelly was "not entitled to any death benefits because his behavior after the parents' divorce constitutes abandonment of the deceased employee." Deputy Commissioner Phillips concluded that the death benefits should be distributed equally between Ms. Rhodes and Mr. Kelly. Following the full Commission's affirmance of the opinion and award of Deputy Commissioner Phillips, Ms. Rhodes appealed to this Court.

---

On appeal, Ms. Rhodes argues that the full Commission erred in (1) denying her motion to add additional evidence to the record and (2) concluding that Mr. Kelly did not willfully and wrongfully abandon the care and maintenance of Richard.

First, Ms. Rhodes contends that the full Commission erred in denying her motion to add additional evidence, i.e. a 1986 Separation Agreement and record of child support payments. The question of whether to take additional evidence is addressed to the sound discretion of the full Commission, and its decision is not reviewable on appeal in the absence of a manifest abuse of that discretion. *Allen v. Roberts Elec. Contrs.*, 143 N.C. App. 55, 66, 546 S.E.2d 133, 141 (2001). The full Commission did not manifestly abuse its discretion in denying Ms. Rhodes's motion to add additional evidence.

Ms. Rhodes also argues that the full Commission erred in concluding that Carson Kelly did not willfully and wrongfully abandon the care and maintenance of Richard. We disagree.

This Court's standard for reviewing an appeal from the full Commission is limited to determining "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The full Commission's findings of fact "are conclusive on appeal when supported by competent evidence," even if there is evi-

dence to support a contrary finding, *Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), and may be set aside on appeal only "when there is a complete lack of competent evidence to support them[.]" *Young v. Hickory Bus. Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000).

Section 97-40 of the North Carolina General Statutes prohibits distribution of death benefit compensation to:

> a parent who has willfully abandoned the care and maintenance of his or her child and who has not resumed its care and maintenance at least one year prior to the first occurring of the majority or death of the child and continued its care and maintenance until its death or majority.

N.C. Gen. Stat. § 97-40 (2004). "[T]he analysis of whether a parent has 'willfully abandoned the care and maintenance' of a child requires the consideration of numerous factors: the parent's display of love, care, and affection for the child and the parent's financial support and maintenance of the child." *Davis v. Trus Joist MacMillan*, 148 N.C. App. 248, 253, 558 S.E.2d 210, 214, *disc. review denied*, 355 N.C. 490, 563 S.E.2d 564 (2002).

In her brief, Ms. Rhodes argued that the following assignments of error were unsupported by any competent evidence:

> 5. Plaintiff Carson Lydell Kelly visited with Richard Dell Kelly on a regular basis between the time of the separation of the parties until Richard Dell Kelly reached the age of majority, with the exception of one time period when Richard Dell Kelly was approximately fifteen years of age.

> 6. When Richard Dell Kelly was approximately fifteen years of age, he and his step-mother, Shelia Kelly, had a disagreement that lasted for approximately six to nine months. During this time period, Richard Dell Kelly did not go to his father's home to visit; however, Carson Lydell Kelly kept in contact with his son on a weekly basis by way of e-mails.

> ***

> 8. Plaintiff Carson Lydell Kelly sent cards and gifts on a regular basis for holidays and the birthdays of plaintiffs' minor children, as well as visited with the minor children during the holidays.

Our review of the record on appeal shows there is competent evidence to support the full Commission's findings of fact. *Morrison*, 304 N.C. at 6, 282 S.E.2d at 463. Findings of fact five and six are supported by Mr. Kelly's testimony that he and Richard went on a camping trip together when Richard was seventeen. Shelia Kelly, Mr. Kelly's wife, testified that when Richard was fifteen years old, they had a disagreement and Richard refused to visit his father until he was sixteen years old. She stated that following that argument Richard resumed visitation with his father. Tammy Kelly, Richard's aunt, testified that during the period Richard did not visit his father, Richard and Mr. Kelly communicated through instant message and email once a week. Supporting finding of fact eight, Shelia Kelly testified that if Richard did not spend a holiday or birthday with his father, Mr. Kelly sent cards and gifts to him. Mr. Kelly also testified that he sent a birthday card every year. We hold that these facts support the full Commission's findings of fact.

Moreover, the full Commission's findings of fact that Mr. Kelly visited with Richard on a regular basis, sent him cards and gifts for holidays and birthdays, maintained telephone contact on a regular basis, and physically and verbally displayed affection towards Richard, support the full Commission's conclusion that Mr. Kelly did not abandon the care of his son. *See Davis*, 148 N.C. App. at 253, 558 S.E.2d at 214. Additionally, the full Commission's finding that Mr. Kelly made all of his child support payments in a timely manner and maintained a health insurance policy on Richard, support the conclusion that Mr. Kelly did not abandon the maintenance of his son. *Id.*

Accordingly, we uphold the full Commission's Opinion and Award which concluded that Mr. Kelly did not willfully and wantonly abandon the care and maintenance of Richard.

Affirmed.

Judges McGEE and GEER concur.