ADAMS v. FRIT CAR, INC.

[185 N.C. App. 714 (2007)]

CHARLES R. ADAMS, EMPLOYEE, PLAINTIFF v. FRIT CAR, INC., EMPLOYER, SELF-INSURED, DEFENDANT

No. COA06-1267

(Filed 4 September 2007)

**1. Workers' Compensation— disability—physical restrictions caused by knee injury**

The Industrial Commission did not err in a workers' compensation case by finding that plaintiff worker had failed to establish disability due to his physical restrictions caused by his knee injury, because: (1) plaintiff essentially asks the Court of Appeals to reweigh the evidence on appeal, which is outside its standard of review; and (2) the full Commission's findings of fact are supported by competent evidence, and its conclusions that plaintiff failed to establish disability and that he was terminated for his own misconduct are also supported by its findings.

**2. Workers' Compensation— anxiety and depression—causally related to knee injury**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff workers' anxiety and depression are not causally related to his knee injury, because: (1) the full Commission made an unchallenged finding that plaintiff had been getting treatment for anxiety disorder and depression for approximately eight months prior to his injury by accident, and his doctor never causally related her treatment of plaintiff to the September 2000 injury; and (2) the full Commis-

sion found that during his counseling sessions, plaintiff reported that his anxiety and depression were related to the loss of his job and self esteem which was due to his own misconduct.

### 3. Workers' Compensation— future medical treatment—knee injury

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff is entitled to future medical treatment for his knee injury, because: (1) in light of the depositions of two doctors, the full Commission had sufficient evidence to support its findings of fact and to conclude that there was a substantial likelihood that plaintiff will need additional treatment for his knee in the future regardless of what that treatment might entail; and (2) the Court of Appeals cannot reweigh the evidence.

Appeal by plaintiff and cross-appeal by defendant from Opinion and Award of the North Carolina Industrial Commission entered 22 May 2006. Heard in the Court of Appeals 22 May 2007.

*Brumbaugh, Mu & King, P.A., by Nicole D. Wray, for plaintiff-appellant/cross-appellee.*

*Brooks, Stevens & Pope, P.A., by Matthew P. Blake, Ginny P. Lanier, and James A. Barnes, IV, for defendant-appellee/cross-appellant.*

WYNN, Judge.

In general, our review of findings supporting an Opinion and Award of the North Carolina Industrial Commission is limited to determining whether any evidence supports the findings of fact.[1] Here, the plaintiff and the defendant essentially ask us to re-weigh the evidence and determine that the Full Commission erred in its findings and conclusions. Because the standard of review for worker's compensation cases prohibits the re-weighing of evidence on appeal, we affirm the Opinion and Award.

On 13 September 2000, Plaintiff Charles Adams was working as an employee for Defendant Frit Car, Inc., when he suffered an injury to his right knee. Mr. Adams underwent arthroscopic knee surgery in

---

1. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999).

ADAMS v. FRIT CAR, INC.

[185 N.C. App. 714 (2007)]

December 2000 and did not return to work at Frit Car until February 2001, by which time his doctor had concluded Mr. Adams had reached maximum medical improvement and assigned a ten percent permanent partial disability rating to his knee. However, upon his return to work, Mr. Adams was informed that his employers had discovered numerous problems with his performance prior to his injury, including the failure over an extended period of time to file several safety reports and other documents that were a part of his responsibilities. Frit Car terminated Mr. Adams for this poor job performance, which they contend was unrelated to his knee injury.

Mr. Adams continued to have pain in his knee after he was terminated by Frit Car, and he underwent additional surgery in November 2001, as well as physical therapy through 2002. Mr. Adams further suffered from anxiety and depression, for which he received counseling and therapy for a number of years, but which he contends was controlled by medication prior to his accident, yet more severe afterwards. Mr. Adams remains unemployed since he was terminated by Frit Car in February 2001, despite being cleared by his doctor for sedentary work. Frit Car accepted his initial worker's compensation claim as compensable and paid temporary total disability benefits through 27 March 2002.

An Opinion and Award was filed by a Deputy Commissioner of the Industrial Commission on 17 June 2003, which ordered Frit Car to pay all medical expenses incurred by Mr. Adams as a result of his September 2000 knee injury, but denied his claim for temporary total disability from 15 February 2001 onward and denied his claim for loss of earning capacity. Mr. Adams and Frit Car were also ordered to pay their own respective costs.

Both sides appealed to the Full Commission, which entered an Opinion and Award on 22 May 2006, affirming in part and modifying in part, due to additional evidence received, the Opinion and Award of the Deputy Commissioner. The Full Commission denied Mr. Adams's claim for additional temporary total disability, as it found that Frit Car had already paid for the period he was out of work, namely, up to February 2001 and then from 19 November 2001 until 27 March 2002. The Full Commission also ordered that, if not already paid, Frit Car should pay Mr. Adams permanent partial disability compensation for a period of one hundred weeks for the fifty percent permanent partial disability to his leg. Frit Car was ordered to pay "all of [Mr. Adams's] reasonably required medical treatment resulting from his knee injury of September 13, 2000, including past and future med-

ical treatment, for so long as such treatment is reasonably required to effect a cure, provide relief and/or lessen his disability . . . ." Mr. Adams's attorney was awarded a fee of twenty-five percent of the compensation awarded to Mr. Adams, and Frit Car was ordered to pay costs.

Both Mr. Adams and Frit Car now appeal. Mr. Adams argues that the Full Commission erred when it found that (I) he had failed to establish disability due to his physical restrictions caused by his knee injury, and (II) his anxiety and depression are not causally related to his knee injury; and Frit Car contends that the Full Commission erred when it (III) concluded that Mr. Adams is entitled to future medical treatment for his knee injury.

At the outset, we note that our review of an Opinion and Award of the Full Commission of the North Carolina Industrial Commission is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). In particular, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999).

Furthermore, if there is any evidence at all, taken in the light most favorable to the non-moving party, the finding of fact stands, even if there is substantial evidence supporting the opposing position, *id.*, and findings may be set aside on appeal only "where there is a complete lack of competent evidence to support them." *Rhodes v. Price Bros., Inc.*, 175 N.C. App. 219, 221, 622 S.E.2d 710, 712 (2005) (quotation omitted). However, we review the Commission's conclusions of law *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

I.

[1] First, Mr. Adams argues that the Full Commission erred by finding that he had failed to establish disability due to his physical restrictions caused by his knee injury. We disagree.

ADAMS v. FRIT CAR, INC.

[185 N.C. App. 714 (2007)]

Under North Carolina General Statute § 97-32, "[i]f an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." N.C. Gen. Stat. § 97-32 (2005). This Court has previously found that such refusal can be either actual or constructive, as through termination of employment due to misconduct or other fault on the part of the employee. *Seagraves v. Austin Co. of Greensboro*, 123 N.C. App. 228, 233-34, 472 S.E.2d 397, 401 (1996).

Nevertheless, even if the employee is terminated due to misconduct or other fault, the employee will not be automatically barred from receiving disability benefits; instead,

the test is whether the employee's loss of, or diminution in, wages is attributable to the wrongful act resulting in loss of employment, in which case benefits will be barred, or whether such loss or diminution in earning capacity is due to the employee's work-related disability, in which case the employee will be entitled to benefits for such disability.

*Id.* at 234, 472 S.E.2d at 401. Thus, we have established a two-pronged approach to such situations:

[T]he employer must first show that the employee was terminated for misconduct or fault, unrelated to the compensable injury, for which a nondisabled employee would ordinarily have been terminated. If the employer makes such a showing, the employee's misconduct will be deemed to constitute a constructive refusal to perform the work provided and consequent forfeiture of benefits for lost earnings, unless the employee is then able to show that his or her inability to find or hold other employment of any kind, or other employment at a wage comparable to that earned prior to the injury, is due to the work-related disability.

*Id.*

In its Opinion and Award, the Full Commission made the following finding, challenged by Mr. Adams on appeal:

22. Defendant terminated Plaintiff on February 19, 2001, due to his misconduct or fault unrelated to his workers' compensation claim and for which a non-disabled employee would have been terminated. Except for the period from November 19, 2001

ADAMS v. FRIT CAR, INC.

[185 N.C. App. 714 (2007)]

through March 27, 2002, Plaintiff failed to establish that his physical restrictions resulting from his injury prevented him from earning his pre-injury wages in any other employment after Defendant terminated him on February 19, 2001.

The Full Commission also included findings, unchallenged by Mr. Adams and therefore binding on this Court, that Mr. Adams had been cleared for sedentary work by more than one doctor and that he had ongoing problems with alcohol abuse, which "might impact his ability to look for work because of hangovers and blackouts," as well as anxiety, depression, and use of prescription medications. Significantly, Mr. Adams has not challenged the finding which stated that Mr. Adams "admitted that he did not do his job, but blamed it on his ongoing battle with alcohol abuse. Defendant terminated Plaintiff's employment on February 19, 2001, due to his misconduct or fault."

All of these findings were supported by medical testimony and other evidence in the record. Mr. Adams essentially asks us to re-weigh the evidence on appeal, which is outside our standard of review. *Adams*, 349 N.C. at 681, 509 S.E.2d at 414. We find that the Full Commission's findings of fact are supported by competent evidence, and their conclusions that Mr. Adams failed to establish disability and that he was terminated for his own misconduct are likewise supported by their findings. These assignments of error are accordingly overruled.

II.

[2] Next, Mr. Adams contends that the Full Commission erred by failing to find that his anxiety and depression are causally related to his knee injury. We disagree.

According to the following finding made by the Full Commission, unchallenged by Mr. Adams on appeal:

17. Plaintiff has been treated for anxiety disorder and depression since at least the 1990's, but has not been restricted from working as a result of these conditions. Dr. Tara Knott had treated Plaintiff for his anxiety disorder and depression for approximately eight months prior to his injury by accident and continues to treat him. In her deposition testimony, Dr. Knott never causally related her treatment of Plaintiff to the September 2000 injury. She did indicate that Plaintiff alleged that his anxiety and depression were related to the injury, but she never indicated that it was related.

Furthermore, the Full Commission found that during his counseling sessions, Mr. Adams "reported that his anxiety and depression were related to the loss of his job and self esteem," which was due to his own misconduct.

These findings, binding on appeal, support the Full Commission's conclusion that Mr. Adams failed to show that his anxiety disorder and depression are causally related to his compensable injury. This assignment of error is overruled.

### III.

[3] Finally, Frit Car argues that the Full Commission erred when it concluded that Mr. Adams is entitled to future medical treatment for his knee injury. We disagree.

After an employee has established a compensable injury under the Workers' Compensation Act, he may seek compensation for additional medical treatment when such treatment "lessens the period of disability, effects a cure or gives relief." *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 541-42, 485 S.E.2d 867, 869 (1997). However, such treatment must be "directly related to the original compensable injury," with the burden on the employer to produce evidence showing the treatment is not directly related to the compensable injury. *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 130, 468 S.E.2d 283, 286, *disc. review denied*, 343 N.C. 513, 472 S.E.2d 18 (1996). Moreover, the Commission must determine that "there is a substantial risk of the necessity of future medical compensation" to order such payment. N.C. Gen. Stat. § 97-25.1 (2005).

Here, the Full Commission made a number of specific findings as to two doctors' testimony that Mr. Adams would likely need additional medical treatment for his knee in the future, and that such treatment was causally related to the 2000 knee injury. Nevertheless, the Full Commission did not find that a total knee replacement would definitely be necessary, or that there is even a "substantial risk" of a need for such surgery. Rather, the Full Commission found that "[a]s a result of his knee injury, [Mr. Adams] will require future medical treatment *including a possible total knee replacement*." (Emphasis added).

In light of the depositions from Drs. Esposito and Miller, the Full Commission had sufficient evidence to support their findings of fact and to conclude that there is a substantial likelihood that Mr. Adams will need additional treatment for his knee in the future, regardless of

what that treatment might entail. We refuse to reweigh the evidence before us and therefore find that the Full Commission made the requisite findings as to "substantial risk of the necessity of future medical compensation." These assignments of error are overruled.

Affirmed.

Judges HUNTER and CALABRIA concur.