ROBERT COSTON, Employee, Plaintiff,
v.
SMITHFIELD PACKING, INC., Employer, and GALLAGHER BASSETT SERVICES, Carrier, Defendants.
No. COA08-355
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Greg Jones & Associates, P.A., by Cameron D. Simmons, for plaintiff-appellee.
Lewis & Roberts, P.L.L.C., by John D. Elvers and Sarah C. Blair, for defendant-appellants.
WYNN, Judge.
Under the North Carolina Workers' Compensation Act, an injury arising out of and in the course of the employment is compensable when caused by "accident."[1] Defendants[2] contend that the full North Carolina Industrial Commission erred in reaching the conclusion that Mr. Coston sustained a compensable injury on 20 March 2006, because his injury did not occur by accident and was not the medical cause of his subsequent symptoms. Because the Commission's findings of fact support the conclusions of law that Mr. Coston sustained a compensable injury by accident and the accident caused his condition, we affirm.
Mr. Coston began working at Defendant Smith Packing Company in 1999 as a truck driver and "spotter." His job duties included moving and weighing trailers, and maintaining the order among trucks and trailers entering and leaving the facility. On 20 March 2006, Mr. Coston was moving dirty trailers to the "wash bay" area to be cleaned . After he had dropped off a trailer at the dock, Mr. Coston got back into his "spotter" truck and reached over to close the door. Mr. Coston then felt an immediate "snap" in his neck and right shoulder as well as "numbness and pain" from his shoulder to his fingertips.
Just after the incident, Mr. Coston reported his injury and filled out an Accident Reporting and Treatment Form. On the form, he described his symptoms as "pain from the neck down right arm" and explained that he "felt like something pop [sic] in [his] neck" as he attempted to close the door to the truck. Soon thereafter, Mr. Coston was sent to the on-site medical facility where he was evaluated by a nurse and given an ice pack.
Mr. Coston returned to the on-site medical facility the next day when his condition had not improved. He was referred to the Smithfield Family Medical Center. The doctor at the Medical Center determined that he was not currently disabled and should return to work. On 27 March 2006, Mr. Coston returned to the Medical Center and was put on medical restrictions, including no truck driving, no lifting objects over ten pounds, and no working above head level. He continued at work in this limited capacity until 8 April 2006, his last day of employment with Defendant Smithfield Packing.
Over the course of the next few months, Mr. Coston continued to experience shoulder and neck pain. On 21 April 2006, he consulted Dr. Mark Rodger, an orthopedic surgeon, for a one-time evaluation. Dr. Rodger concluded that Mr. Coston's condition predated his 20 March 2006 injury. Dr. Rodger recommended physical therapy and pain management or possibly surgery. On 12 May 2006, Mr. Coston consulted Dr. George A. Alsina, a neurosurgeon, about his continued symptoms in his neck and right arm. After reviewing his records, Dr. Alsina opined that the incident on 20 March 2006 had exacerbated Mr. Coston's preexisting "upper spinal cord pathology." Dr. Alsina performed a "C4-5/C5-6 anterior cervical diskectomy and fusion" on Mr. Coston on 19 May 2006 and a transforaminal injection at C3-4 on 23 August 2006. On 25 September, Dr. Alsina opined that Mr. Coston had reached the "maximum medical improvement" expected from these procedures.
On 4 April 2006, Defendant formally denied Mr. Coston's Workers' Compensation claim on the grounds that, on 20 March 2006, Mr. Coston had not sustained an injury by accident arising out of and in the course and scope of employment. Mr. Coston then filed a request for a hearing with the North Carolina Industrial Commission ("Commission"). On 26 February 2007, Deputy Commissioner J. Brad Donovan reviewed the evidence and filed an Opinion and Award, concluding that Mr. Coston had suffered a compensable injury by accident on 20 March 2006, and that he was entitled to payment for medical expenses and temporary total disability compensation, continuing from the time of the injury. Thereafter, the Full Commission affirmed the Opinion and Award of Deputy Commissioner Donovan.
Preliminarily, we point out that o n review of an Opinion and Award from the Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). " `The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' "Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting Anderson v. Lincoln Constr. Co., 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). If there is any evidence at all, taken in the light most favorable to the plaintiff, the findings of fact stand, even if there is substantial evidence supporting a contrary position. Id. Findings may be set aside on appeal only " `when there is a complete lack of competent evidence to support them[.]' " Rhodes v. Price Bros., 175 N.C. App. 219, 221, 622 S.E.2d 710, 712 (2005) (quoting Young v. Hickory Bus. Furniture, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000)). In their appeal to this Court, Defendants contend that the Commission erred (I) in finding that Mr. Coston sustained a compensable injury by accident and (II) concluding that the injury caused Mr. Coston's subsequent physical condition. We disagree .

I.
First, Defendants argue that the Commission's finding that Mr. Coston sustained a compensable injury by accident is erroneous. For an injury to be compensable under the North Carolina Worker's Compensation Act, a claimant must demonstrate: "(1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Hollar v. Montclair Furniture Co., 48 N.C. App. 489, 490, 269 S.E.2d 667, 669 (1980) (citations omitted). This Court has clarified the meaning of the term "accident" stating:
[A]n accident is an unlooked for event and implies a result produced by a fortuitous cause. If an employee is injured while carrying on his usual tasks in the usual way the injury does not arise by accident. However, if an interruption of the work routine occurs introducing unusual conditions likely to result in unexpected consequences, an accidental cause will be inferred.
Raper v. Mansfield Sys., __ N.C. App. __, __, 657 S.E.2d 899, 906 (2008) (quoting Lineback v. Wake County Bd. of Comm'rs, 126 N.C. App. 678, 681, 486 S.E.2d 252, 254-55 (1997)).
Here, the record contains competent evidence to support the challenged finding of fact and conclusion of law that Mr. Coston suffered an injury by accident. The Commission made the following relevant finding: 4. On March 20, 2006, plaintiff was performing his regular duties in the late afternoon, and was cleaning up the "wash bay" where trucks were cleaned. He was backing up trailers and "dropping" them at the dock. Plaintiff got back into his "spotter" truck and reached back to close the door. The door stuck when plaintiff pulled it and he felt an immediate snapping sensation in his right shoulder, accompanied by pain and numbness through the arm to his fingertips.
(emphasis added). The record indicates that Mr. Coston stated in his deposition that the door stuck when he went to pull it closed. Although Mr. Coston testified that closing the spotter truck door was something he did "hundreds of times a day" as a routine part of his employment duties, the sticking or jamming of the door is the type of unusual, unexpected happening from which an accidental cause will be inferred . Because the record includes competent evidence that the unexpected sticking of the truck door created an unusual condition sufficient to constitute an accident, we affirm the Commission's conclusion that Mr. Coston sustained an injury by accident.

II.
Defendants next argue that the Commission failed to make proper findings of fact to support their conclusion that the injury Mr. Coston sustained on 20 March 2006 was the medical cause of his subsequent physical condition. While this Court is charged with determining whether the findings of fact are supported by competent evidence and the conclusions of law are supported by the findings of fact, "[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony."Anderson, 265 N.C. at 433-34, 144 S.E.2d at 274. Additionally, the Commission's findings are "conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." Jones v. Myrtle Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)(per curiam) (emphasis added) .
During the review of Defendants' appeal, the Commission considered the depositions of a number of physicians who had evaluated Mr. Coston, including Drs. Alsina, Rodger, and Smith. Each of these physicians offered their medical opinions regarding the injuries suffered by Mr. Coston on 20 March 2006, as well as their past treatment and evaluations of his physical condition. Although Dr. Rodger believed Mr. Coston's conditions predated his injury at work, Dr. George Alsina's deposition testimony indicated that, in his expert medical opinion, Mr. Coston's injury on 20 March 2006 exacerbated his previously existing underlying condition and caused his then-current symptoms.
After reviewing the evidence, the Commission made the following findings:
9. On March [sic] 12, 2006, plaintiff presented to neurosurgeon Dr. George A. Alsina with complaints of neck and right arm pain. . . . He further opined that the event of March 20,2006 exacerbated the prior existing underlying degenerative condition of plaintiff's upper spine.
. . .
12. After examining plaintiff's medical records for the periods prior to the date of injury in this case, Dr. Alsina opined that although plaintiff had experienced painsymptoms, they were not related to his current symptoms. Based upon the greater weight of the medical evidence, the Full Commission finds that plaintiff's prior complaints and symptoms related to his degenerative disc disease are separate and distinct from the symptoms arising from the work-related injury of March 20, 2006.
(emphasis added). While Defendants may disagree with the Commission's determination that the greater weight of the medical evidence indicates that Mr. Coston's injury was the medical cause of his subsequent condition, the Commission's findings of fact are supported by the competent expert testimony of Dr. Alsina. Further, findings of fact which are supported by competent evidence are taken as conclusive on appeal. Jones, 264 N.C. at 402, 141 S.E.2d at 633 . Thus, the Commission's conclusion of law, that Mr. Coston's injury on 20 March 2006 was the medical cause of his ongoing physical condition, is properly supported by its findings of fact and must be affirm ed.
Affirmed.
Judges Bryant and Arrowood concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat § 97-2(6) (2007).
[2] The employer, Smithfield Packing, Inc., and its workers' compensation insurance carrier, Gallagher Bassett Services, are collectively referred to as "Defendants."