***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of Deputy Commissioner Gillen.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employment relationship existed at the time of the incident between plaintiff and the Town of Clayton. *Page 2 
2. The parties were subject to the North Carolina Workers' Compensation Act at the time of the incident.
3. The employer was properly insured at the time of the incident by the North Carolina League of Municipalities.
4. The alleged date of injury is May 5, 2006.
 ***********
The following were entered into evidence as:
 STIPULATED EXHIBITS
1. A large collection of documents including the pretrial agreement, plaintiff's medical records, Industrial Commission forms, and the accident report, collectively paginated 1-91 and marked as stipulated exhibit 1.
2. An email dated June 4, 2009 containing a list of plaintiff's chiropractic appointment dates and their payment status.
 *********** PROCEDURAL HISTORY
On August 11, 2008 plaintiff sent a completed Form 18M to the Industrial Commission. On September 15, 2008 Executive Secretary Tracey Weaver entered an Order denying this 18M application on the grounds that Section A of the 18M had not been completed. The denial of the 18M was not appealed. After defendants denied further chiropractic treatment in November 2008, plaintiff filed a Form 33 Request for Hearing dated November 20, 2008.
 *********** *Page 3 ISSUES PRESENTED
1. Whether plaintiff is entitled to have defendants provide additional medical benefits for plaintiff's back condition pursuant to N.C. Gen. Stat. § 97-25.1(i) and North Carolina Workers' Compensation Rule 408.
2. Whether plaintiff is entitled to have defendants provide additional chiropractic treatment in excess of the 20-visit limit set forth in the Industrial Commission medical fee schedule.
 ***********
Based upon the foregoing stipulations and evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as a police detective. On May 9, 2006 plaintiff was driving a car while on the job for defendant-employer. As plaintiff was stopped behind a school bus, his car was rear-ended by a pickup truck. Plaintiff heard and felt his back pop upon impact and suffered the onset of significant pain between his shoulder blades within 10 minutes.
2. Plaintiff was treated at the Johnston Memorial Hospital Emergency Department on May 9, 2006. The records from this visit indicate that plaintiff was involved in a motor vehicle accident and sustained a cervical strain. Plaintiff was given pain medication and instructed to apply ice to the injured area. Plaintiff was out of work for one week following the work injury. Plaintiff was paid his full salary during the time he missed work. Plaintiff returned to work at his full pre-injury job without restrictions and at the time of the hearing before the Deputy Commissioner continued to work at this job. *Page 4 
3. Subsequent to the accident, beginning in May 2006, plaintiff participated in a physical therapy program with Orthos Physical Therapy, Inc. in Clayton, North Carolina.
4. Dr. Dwayne E. Patterson with Raleigh Orthopaedic Clinic began treating plaintiff on August 8, 2006. Among other treatment, Dr. Patterson administered to plaintiff a series of Kenalog injections in an attempt to relieve plaintiff's back pain. Dr. Patterson's note generated by plaintiff's January 10, 2008 visit documents that plaintiff had "truly made good progress" as a result of ongoing chiropractic treatment.
5. Plaintiff last saw Dr. Patterson on April 10, 2008. In the medical note of that date, regarding future chiropractic treatment, Dr. Patterson wrote: "At this point, I think he is going to need to continue his chiropractor treatment once every 2 to 4 weeks indefinitely."
6. Plaintiff was examined by Dr. J. Th. Bloem on May 30, 2008. Dr. Bloem's note from this visit reads, in part: "[Plaintiff] knows what to expect, and he is well drilled in the history and the symptoms and treatment. He knows that he will need treatment for the rest of his life." In the note Dr. Bloem goes on to conclude: "It seems reasonable that [plaintiff] continue chiropractic treatment."
7. Jason Nackley, D.C., who began chiropractic treatment of plaintiff on October 4, 2007, testified by deposition that plaintiff will require ongoing chiropractic care for the indeterminate future as a result of the injuries plaintiff suffered in the May 9, 2006 accident.
8. Because plaintiff's job duties with defendant-employer include the possibility of physical altercations and other rigorous tasks, defendant-employer requires plaintiff to remain physically fit. Toward that end, plaintiff is required by his job with defendant-employer to perform regular athletic activities such as running and lifting weights. *Page 5 
9. The bills for plaintiff's 42 chiropractic visits from October 4, 2007 through July 15, 2008 were paid by defendants. Defendants have not paid for the chiropractic visits from September 2, 2008 and beyond.
10. Dr. Nackley continues to treat plaintiff approximately every five weeks for the condition caused by the May 9, 2006 work injury.
11. Plaintiff filed a Form 33 dated November 20, 2008 as a result of defendants' failure to authorize continuing chiropractic care.
12. Plaintiff's work duties and the conditions experienced during the motor vehicle accident on May 9, 2006 constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Specifically, plaintiff's back was injured upon impact when his car was rear-ended by a pick-up truck that failed to stop.
13. On May 9, 2006 plaintiff sustained a compensable injury by accident to his back arising out of and in the course of his employment with defendant-employer.
14. The greater weight of the evidence of record establishes that the chiropractic treatment that plaintiff has received subsequent to the May 9, 2006 accident is related to the May 9, 2006 accident and is reasonably necessary to effect a cure, give relief, or lessen the period of his disability.
15. The greater weight of the evidence of record at this time shows that, as a result of his May 9, 2006 compensable injury, there is a substantial likelihood that plaintiff will need future medical and/or chiropractic treatment reasonably related to the compensable injury. As provided in Section 11 of the Industrial Commission Medical Fee Schedule, the chiropractic *Page 6 
physician must obtain authorization from defendants for any chiropractic treatment over 20 visits.
16. This matter was appealed to the Full Commission by defendants from an Opinion and Award awarding benefits and results in an affirmation of that award.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On May 9, 2006, as plaintiff was driving while on the job for defendant-employer, plaintiff sustained a compensable injury by accident to his back that arose out of and in the course of his employment with defendant-employer. Plaintiff's work duties and the conditions experienced during the motor vehicle accident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. N.C. Gen. Stat. § 97-2(6); Harding v.Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109 (1962). Specifically, plaintiff's back was injured upon impact when his car was rear-ended by a pickup truck that failed to stop. This compensable injury by accident caused plaintiff's back condition or materially accelerated or aggravated a pre-existing, non-disabling back condition. N.C. Gen. Stat. § 97-2(6); Brown v. Family DollarDistrib. Ctr. 129 N.C. App. 361, 499 S.E.2d 197 (1998).
2. There is a substantial risk that plaintiff will need future medical and/or chiropractic treatment directly related to the May 9, 2006 compensable injury by accident. N.C. Gen. Stat. § 97-25.1; Adams v. Frit Car, Inc.,185 N.C. App. 714, 720, 649 S.E.2d 651, 655 (2007); *Page 7 Reinninger v. Prestige Fabricators, Inc.,136 N.C. App. 255, 523 S.E.2d 720 (1999); Parsons v. Pantry,Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997).
3. Therefore, plaintiff is entitled to have defendants provide all medical treatment, incurred or to be incurred, necessitated by the May 9, 2006 compensable injury, when bills for the same have been approved pursuant to Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1. This medical treatment shall include, but is not limited to, past and future chiropractic treatment, subject to the Fee Schedule requirement that the chiropractic physician must obtain authorization from defendants for any chiropractic treatment over 20 visits.
4. The medical and chiropractic treatment plaintiff has received and continues to receive for his back condition was and is reasonable and medically necessary, and was and is reasonably calculated to effect a cure and give relief from plaintiff's compensable May 9, 2006 injury. N.C. Gen. Stat. § 97-25.
5. Plaintiff is entitled to payment by defendants for the attorney's fees associated with this appeal to the Full Commission pursuant to N.C. Gen Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical and chiropractic expenses incurred or to be incurred as a result of the May 9, 2006 compensable injury reasonably necessary to effect a cure, give relief, or lessen the period of his disability when bills for the same have been approved pursuant to Industrial Commission procedures. Chiropractic treatment over 20 visits must be authorized by defendants. *Page 8 
2. Plaintiff's counsel is hereby awarded attorney's fees associated with this appeal to the Full Commission, pursuant to N.C. Gen. Stat. § 97-88. Plaintiff's counsel shall submit to the Full Commission an affidavit or itemized statement setting forth the time spent preparing for, attending, and arguing this appeal to the Full Commission. Upon receipt of this affidavit, the Full Commission shall issue an Order directing defendants to pay an additional attorney's fee directly to plaintiff's counsel.
3. Defendants shall pay the costs due the Commission.
This the 10th day of May 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1