JOSEPH O'NEIL LANKFORD, Employee-Plaintiff,
v.
DREAMS UNLIMITED, INC., Employer-Defendant, and
AUTO-OWNERS INSURANCE COMPANY, Carrier-Defendant.
No. COA09-89
Court of Appeals of North Carolina
Filed October 20, 2009
This case not for publication
Franklin Smith for plaintiff-appellant.
Golding, Holden & Pope, L.L.P., by Elizabeth A. Sprenger and Robert J. Aylward, for defendants-appellees.
ROBERT C. HUNTER, Judge.
Plaintiff Joseph O'Neil Lankford appeals from the Full Commission's opinion and award denying his claim for benefits. On appeal, plaintiff primarily argues that the Commission erred in concluding that he failed to prove that a subsequent car accident aggravated or exacerbated his work-related back injury. Because we conclude that the evidence in the record supports the Commission's conclusion, we affirm.

Factual and Procedural History
On 16 October 2001, plaintiff was working for defendant-employer Dreams Unlimited, Inc. putting up sheetrock in a mobile home. He was standing on the tongue of a trailer when he slipped and fell, hitting his left leg and back on a ladder. On the date of the accident, plaintiff went to the emergency room at Hugh Chatham Memorial Hospital, where he complained primarily of leg pain. He was given ibuprofen and told to ice his leg as needed. Plaintiff was written out of work for three days with instructions to return to light duty work on 19 October 2001 with no ladder climbing or lifting.
On 23 October 2001, plaintiff again went to Hugh Chatham Memorial Hospital, complaining of continued pain in his left leg. An x-ray was performed, showing no fracture or other active destructive process to plaintiff's leg. On 29 October 2001, plaintiff had a bone scan, which indicated his left leg was normal.
Sometime around 26 October 2001, plaintiff began getting treatment from Doctor Marvin Vice. Plaintiff told Dr. Vice about the fall and reported headaches and pain in his left leg, back, and neck area. On 12 November 2001, plaintiff began complaining of pain in his neck and arms. Per Dr. Vice's recommendation, a cervical spine MRI was performed on 15 January 2002, indicating that plaintiff's spine was normal.
In March 2002, plaintiff began seeing Dr. Robert Irwin, an Assistant Professor of Neurology at Wake Forest University. Plaintiff told Dr. Irwin about the fall at work and reported having "'pain all over.'" Plaintiff rated his pain, stating that it was a "'ten out of ten on a bad day, and three out of ten on his best days.'" Dr. Irwin found no evidence of abnormalities, subluxations, or dislocations in plaintiff's upper or lower extremities or in the cervical spine. He recorded plaintiff's muscle strength as being 5/5 throughout the upper and lower extremities. He also ordered an EMG nerve conduction study and an MRI of plaintiff's lumbar spine. The EMG showed no radiculopathy or carpel tunnel syndrome in the upper extremities and the lumber MRI showed a posterior annular tear at L5-S1 with a small disk protrusion and somewhat degenerative disk overall. There was no evidence of spinal canal stenosis or neural foraminal stenosis.
Dr. Irwin diagnosed plaintiff as having fibromyalgia and noted the possibility that plaintiff might have cervicalgia. Dr. Irwin referred plaintiff to be evaluated for physical therapy. On 21 March 2002, plaintiff told Dr. Irwin that he felt "somewhat better" and decided to stop going to physical therapy. Dr. Irwin saw plaintiff again on 11 April 2002. He had full range of motion in his upper and lower extremities and Dr. Irwin assessed plaintiff as having no discogenic type pain. The doctor recommended that plaintiff see a rheumatologist for his fibromyalgia and released him to return to light duty work with maximum lifting of 20 pounds.
Plaintiff began treatment with a rheumatologist, Dr. Robert Wodecki, at Carolina Arthritis and Spine Center. Dr. Wodecki also diagnosed plaintiff as having fibromyalgia. Dr. Wodecki believed that if plaintiff was otherwise healthy prior to the fall, his fibromyalgia as well as some depression and anxiety were related to the accident. Dr. Wodecki suggested that plaintiff see a psychologist and return to work.
On 6 May 2002, plaintiff had a quantitative interdisciplinary evaluation with Dr. Jeffrey Feldman, a clinical psychologist. Dr. Feldman noted that although plaintiff perceived himself as being "totally disabled," his score did not place him in the range of "mild mood disturbance." Dr. Feldman stated that he had difficulty evaluating plaintiff because "'he presented with such an atypical manner and affect.'" The doctor also indicated that plaintiff was a candidate for a functional restoration program, but that plaintiff would not benefit from any rehabilitation services until he received a second opinion on whether to undergo back surgery. Dr. Feldman saw plaintiff on four more occasions, complaining that he "'hurt all over,'" that his legs occasionally gave out, and that he needed a cane to walk. On 18 February 2003, Dr. Feldman told plaintiff that there was nothing more he could do for him and recommended a functional capacity evaluation ("FCE").
The FCE was performed on 13 March 2003, by Susan Gunn, MPT. Plaintiff reported that on a scale of one to 10, his pain was "ten plus" and that his "'pain was so bad [he] [thought] [he] might die.'" Plaintiff also indicated that he needed a cane to get around. Ms. Gunn reported that plaintiff gave sub-maximal effort during the FCE and that he exaggerated his disability and made a conscious effort to demonstrate a greater level of pain and disability than was actually present. She concluded that his actual ability was higher than that demonstrated by the FCE.
When leaving the appointment, Ms. Gunn saw plaintiff in the parking lot not using a cane and moving quickly to avoid a car. Defendants also obtained video surveillance of plaintiff after he reported needing to use a cane to walk. The video shows plaintiff walking, leaning down, bending over, and getting into and out of a car without the use of a cane or other assistance.
After reviewing plaintiff's medical records on 18 March 2003, Dr. Irwin assessed plaintiff with a 5% permanent partial impairment to his neck. Dr. Irwin restricted plaintiff to lifting 15 pounds occasionally and eight pounds frequently. Dr. Irwin noted that these restrictions indicated plaintiff's minimum capacity rather than his maximum due to his sub-maximal effort on the FCE.
At the request of plaintiff's counsel, plaintiff underwent an independent medical examination. The examination was performed by Dr. Craig Derian, an orthopedic specialist. Plaintiff saw Dr. Derian on 20 November 2003, reporting the fall on 16 October 2001 and complaining that he "'hurts all over'" and that he would be "'better off dead.'" Dr. Derian diagnosed plaintiff with symptomatic lumbar disc disease, a posterior annular tear, an internal disc disruption at L5-S1, fibromyalgia, chronic cervical strain/sprain, and irritable bowel syndrome. He believed that plaintiff should undergo spinal fusion at L5-S1 and that plaintiff would not improve without the surgery.
By referral from Dr. Irwin, plaintiff saw Dr. John Peter Birkedal, an orthopedic surgeon, on 9 February 2004. Based on Dr. Birkedal's evaluation, plaintiff had a normal gait and negative straight leg raises. Dr. Birkedal did not believe that plaintiff would benefit from back surgery.
Plaintiff filed a claim for benefits, seeking "treatment and surgery." Defendants opposed the surgery, arguing that it would not be beneficial based on the medical opinions of Drs. Birkedal, Irwin, and Wodecki. On 28 December 2004, plaintiff filed a second claim, stating that on 2 December 2004 he had been injured in a car accident while on his way to a job interview at the request of his vocational rehabilitation case manager.
The parties agreed to take all medical depositions prior to the 6 January 2005 hearing before the deputy commissioner. At the end of that hearing, however, plaintiff requested taking additional depositions. By an order entered 12 January 2005, the deputy commissioner extended the time for submitting depositions and medical records until 18 March 2005. That deadline was extended again until 7 April 2005. On 13 April 2005, plaintiff filed a "Motion in the Cause," requesting leave to take additional depositions relating to the 2 December 2004 car accident. The deputy commissioner denied the motion in an order entered 5 May 2005 and ordered all depositions to be submitted by 12 May 2005. Plaintiff appealed that order to the Full Commission, which dismissed the appeal as interlocutory.
The deputy commissioner entered an opinion and award on 24 April 2006, finding that plaintiff sustained a compensable injury from the 16 October 2001 fall and ordered defendants to pay for all reasonably necessary medical treatment. The deputy commissioner, however, determined that plaintiff would not benefit from back surgery and that plaintiff had failed to prove that the 2 December 2004 car accident had aggravated his work-related injury. Thus the deputy commissioner denied plaintiff's request for back surgery and denied compensation for his injuries stemming from the accident.
Plaintiff appealed to the Full Commission. Although defendants moved to dismiss plaintiff's appeal on the ground that it was untimely, the Commission ultimately determined that plaintiff's appeal was timely and reviewed the appeal. In an opinion and award entered 6 October 2006, the Commission affirmed the decision with minor modifications. The Commission found that plaintiff had sustained a compensable injury by accident on 16 October 2001, hurting his left leg and lower back. As a result of the plaintiff's fall, the Commission found that he had developed an annular tear and fibromyalgia. Thus the Commission concluded that "Defendants [we]re responsible for providing all reasonably necessary medical care related to Plaintiff's injury by accident, including treatment for his fibromyalgia."
With respect to plaintiff's request for back surgery, based on the medical opinions of Drs. Birkedal, Irwin, and Wodecki, the Commission concluded that plaintiff had failed to prove that the surgery recommended by Dr. Derian was reasonably necessary to effect a cure or provide relief from his back pain and thus denied the claim. As for plaintiff's claim for benefits stemming from the 2 December 2004 car accident, the Commission concluded that he had "failed to present convincing and sufficient evidence regarding legal causation surrounding the circumstances of the accident and medical causation related to the injuries." Thus the Commission also denied this claim. Plaintiff timely appealed to this Court.

Discussion
In reviewing an opinion and award of the Industrial Commission in a case involving workers' compensation, appellate courts are "limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." Barham v. Food World, Inc., 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980). When there is any evidence in the record that tends to support a finding of fact, the finding is binding on appeal, despite evidence that would support a contrary finding. Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). Also binding on appeal are findings of fact not assigned as error. Johnson v. Herbie's Place, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, disc. review denied, 357 N.C. 460, 585 S.E.2d 760 (2003). The Commissions challenged conclusions of law, however, "are reviewed de novo." McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

I
Plaintiff first challenges the Commission's determination that he failed to meet his burden of proving that the 2 December 2004 car accident aggravated or exacerbated his work-related injury sustained on 16 October 2001. Although plaintiff assigns error to the pertinent finding of fact, plaintiff does not argue that the finding lacks evidentiary support, nor does he make any coherent argument in his brief explaining why it is erroneous. The Commission's finding is, therefore, binding on appeal. See Treat v. Mecklenburg County, __ N.C. App. __, __, 669 S.E.2d 800, 803 (2008) (concluding that where appellant "fails to argue [in brief] that any specific findings of fact made by the Full Commission were not based upon sufficient evidence in the record[, t]he findings of the Full Commission are thus binding on appeal"). Consequently, review is limited to "whether the [Commission's] conclusions of law are justified by the findings of fact." Johnson v. S. Tire Sales & Serv., 358 N.C. 701, 705, 599 S.E.2d 508, 512 (2004).
Although plaintiff assigns error to several conclusions of law, in this section of his brief he cites to a conclusion of law unrelated to the issue. We nonetheless elect to exercise our discretion and review the merits of plaintiff's appeal. Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., 362 N.C. 191, 200-01, 657 S.E.2d 361, 366-67 (2008).
Relying exclusively on Cannon v. Goodyear Tire & Rubber Co., 171 N.C. App. 254, 614 S.E.2d 440, disc. review denied, 360 N.C. 61, 621 S.E.2d 177 (2005), plaintiff appears to contend that because the car accident occurred while he was on his way to a job interview at the request of his vocational rehabilitation case manager, he is entitled to benefits to the extent that the accident aggravated or exacerbated the 16 October 2001 injury. Unlike the defendants in Cannon, defendants in this case do not contend that plaintiff's car accident is an intervening cause breaking the chain of causation between any work-related injury and its aggravation. As defendants did not argue intervening cause before the Commission, it made no findings or conclusions on the issue.
As this Court explained in Cannon, 171 N.C. App. at 261, 614 S.E.2d at 445, "regardless of whether plaintiff was en route" to a job interview set up by his case manager, the issue is whether "competent evidence in the record supports the Commission's conclusion of law that the automobile accident aggravated plaintiff's work-related injury." In Cannon, in contrast to this case, the Commission concluded that there was competent evidence to support a determination that the subsequent accident aggravated or exacerbated the plaintiff's work-related injury. Id. at 261, 614 S.E.2d at 445.
With respect to causation, plaintiff asserts that the Commission "deprived [him] of the opportunity to offer expert medical testimony to establish to what extent the injuries he sustained in the December 2, 2004 vehicular accident aggravated or exacerbated the injuries he sustained October 16, 2001." The evidence in the record, however, indicates otherwise.
Rule 612 of the Workers' Compensation Rules of the North Carolina Industrial Commission provides in pertinent part:
When additional testimony is necessary to the disposition of a case, a Commissioner or Deputy Commissioner may order the deposition of witnesses to be taken on or before a day certain not to exceed 60 days from the date of the ruling; provided, the time allowed may be enlarged for good cause shown. . . .
Workers' Comp. R. of N.C. Indus. Comm'n 612(1).
By agreement of the parties, the medical depositions were to be taken prior to the 6 January 2005 hearing before the deputy commissioner. At the conclusion of that hearing, however, the deputy commissioner extended the deadline until 18 March 2005. The deadline was extended again until 7 April 2005.
Plaintiff scheduled for 10 February 2005 the deposition of Dr. L. Howard Nabors, who was to testify regarding plaintiff's injuries stemming from the 2 December 2004 accident, but the deposition was cancelled and never rescheduled. Plaintiff did not request for "good cause shown" that the 18 March 2005 deadline be extended until he filed his motion in the cause on 13 April 2005  six days after the already-extended deadline. By order entered 5 May 2005, plaintiff's motion for taking additional depositions was denied. Although plaintiff appealed the denial, the Commission dismissed the appeal as interlocutory, noting that after the deputy commissioner issued a final decision, "plaintiff may raise th[e] issue[] on appeal to the Full Commission . . . ." The record indicates that when plaintiff appealed the deputy commissioner's decision to the Full Commission, he failed to raise the issue of the denial of his request for time to take additional depositions.
Plaintiff, moreover, makes no argument on appeal explaining how the denial of his motion was an abuse of discretion after the deputy commissioner had conducted the hearing and already extended twice the time for submitting depositions. See Bursey v. Kewaunee Sci. Equip. Corp., 119 N.C. App. 522, 528, 459 S.E.2d 40, 44 (1995) ("Whether to allow a deposition to be conducted after the initial hearing is a decision which rests in the sound discretion of the Commission."). Plaintiff's argument is, therefore, overruled.

II
Plaintiff next argues that there is no competent evidence in the record supporting the Commission's determination that spinal fusion surgery is not reasonably necessary to effect a cure, provide relief, or lessen plaintiff's disability. Under N.C. Gen. Stat. § 97-2(19) and § 97-25 (2009), "[e]mployers are required to provide medical compensation when the treatment in question is reasonably required to lessen the period of disability, effect a cure, or give relief." Whitfield v. Lab. Corp. of Am., 158 N.C. App. 341, 356, 581 S.E.2d 778, 788 (2003).
With respect to this issue, the Commission found:
Upon assessing the evidence, the Full Commission gives more weight to the opinions of the three physicians Dr. Irwin, Dr. Birkdal, and Dr. Wodecki, over that of Dr. Derian who performed the [independent medical examination], on whether fusion surgery is reasonably required to effect a cure, provide relief or lessen Plaintiff's disability. The surgical fusion recommended by Dr. Derian is not reasonably necessary and in fact is contra-indicated, given the Plaintiff's fibromyalgia, chronic headaches, his deception as to his true pain level and abilities, and his lack of effort or progress in other therapies.
Plaintiff did not assign error to this finding, and, therefore, it is binding on appeal. Concrete Serv. Corp. v. Investors Group, Inc., 79 N.C. App. 678, 684, 340 S.E.2d 755, 759-60 (holding failure to assign error to findings of fact "result[s] in waiver of the right to challenge the sufficiency of the evidence to support particular findings of fact"), cert. denied, 317 N.C. 333, 346 S.E.2d 137 (1986).
The Commission's unchallenged finding in turn supports its conclusion under N.C. Gen. Stat. § 97-2(19) and § 97-25 that "Plaintiff has failed to prove, by the greater weight of the evidence, that the surgical fusion he has requested is reasonably necessary to effect a cure or to provide relief from his back pain."
Plaintiff nonetheless argues that based on Dr. Derian's qualifications, his opinion is more credible than those expressed by the three doctors that the surgery would not be beneficial. It is well-established, however, that as the fact-finding body, "[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Anderson v. Lincoln Constr. Co., 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965). This Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight." Id. at 434, 144 S.E.2d at 274. Because the Commission's uncontested finding supports the conclusion that plaintiff would not benefit from the spinal fusion surgery, we affirm its opinion and award.
Affirmed.
Chief Judge MARTIN and Judge BRYANT concur.
Report per Rule 30(e).